*Matrix Communications, Inc., Network Design, Inc., Charles Eicher and Michael Ellis*

*v.*

*Scottsdale Indemnity Company*

# EXHIBIT A

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
Case Type:  Contract

---------------------------------------------

Matrix Communications, Inc., Network
Design, Inc., Charles Eicher and
Michael Ellis,

Court File No. _____
The Honorable _____

Plaintiffs,

vs.

Scottsdale Indemnity Company,

**SUMMONS**

Defendant.

---------------------------------------------

THIS SUMMONS IS DIRECTED TO DEFENDANT SCOTTSDALE INDEMNITY COMPANY.

    **1.**   **YOU ARE BEING SUED.**  The Plaintiffs have started a lawsuit against you.  The Plaintiffs' Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2.**   **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at:

        2100 AT&T Tower
        901 Marquette Avenue
        Minneapolis, MN  55402-2859

    **3.**   **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiffs' Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

1

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.    **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

DEWITT MACKALL CROUNSE & MOORE S.C.

Dated: December 20, 2017          By

William E. Sjoholm (#101892)
Attorneys for Plaintiffs
2100 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402-2859
Telephone: (612) 305-1400
Fax: (612) 305-1414
E-Mail: wes@dewittmcm.com

{11093566}

2

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
Case Type: Contract

-----------------------------------------------

Matrix Communications, Inc., Network
Design, Inc., Charles Eicher and
Michael Ellis,

        Plaintiffs,

vs.

Scottsdale Indemnity Company,

        Defendant.

-----------------------------------------------

Court File No. _____
    The Honorable _____

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiffs, Matrix Communications, Inc., Network Design, Inc., Charles Eicher and Michael Ellis, as and for their Complaint against Defendant Scottsdale Indemnity Company, allege as follows:

### PARTIES

1.    Matrix Communications, Inc. ("Matrix") is a Minnesota corporation with offices located at 171 Cheshire Lane North, Suite 700, Plymouth, Minnesota 55441.

2.    Network Design, Inc. ("Network Design") is a Minnesota corporation with offices located at 171 Cheshire Lane North, Suite 700, Plymouth, Minnesota 55441.

3.    Charles Eicher ("Mr. Eicher") is the President and Chief Financial Officer of Matrix and the President and Secretary of Network Design.

4.    Michael Ellis ("Mr. Ellis") is the Chief Executive Officer of Matrix and the Chief Executive Officer and Chief Financial Officer of Network Design.

1

5.      Scottsdale Indemnity Company ("Scottsdale") is a Stock Insurance Company with a home office located at One Nationwide Plaza, Columbus, Ohio 43215.

## VENUE

6.      Venue is proper in the County of Hennepin because all actions which are the subject of this action have occurred in Hennepin County, and Matrix and Network Design have headquarters in Hennepin County.

## FACTS

7.      Matrix provides communication technology solutions, primarily in the telephone industry in Minnesota.  Matrix has been providing communication technology services since in or about 1985 and has approximately 40 employees.

8.      Network Design designs, installs, and manages technology solutions in the data cabling industry.  Network Design has been in business since in or about 1994 and has approximately 100 employees.

9.      At all times since 1997 and at all times material, Matrix, Network Design, Mr. Eicher, and Mr. Ellis (collectively referred to as "Plaintiffs") have maintained a Business and Management Indemnity Policy (the "Policy") with Scottsdale which provides insurance protection to Plaintiffs.

10.     At all times since said insurance protection has been maintained by Plaintiffs with Scottsdale, Plaintiffs have timely paid annual premiums to Scottsdale in exchange for Scottsdale's contractual commitment to provide insurance protection to Plaintiffs in accordance with the terms and conditions of the Policy and subject to the limits of liability stated in the Policy purchased by Plaintiffs.

2

11. The Policy is a claims-made and reported policy containing, *intra alia*, an Employment Practices Coverage Section ("EP Section") and a Directors and Officers and Company Coverage Section ("D&O Section"), each with maximum aggregate limits of liability of $3,000,000.

12. At all times material, Craig Nordstrom ("Nordstrom") was employed as the General Manager for Network Design and Michael Parrott ("Parrott") was employed by Network Design in sales.

13. In or about February 2017, Nordstrom and Parrott commenced a lawsuit which alleged various claims against Plaintiffs who were named as defendants in that lawsuit.

14. The complaint served on Plaintiffs by Nordstrom and Parrott (the "Complaint") alleges claims that are covered by the EP Section of the Policy.

15. The Complaint alleges claims that are covered by the D&O Section of the Policy.

16. All Plaintiffs are insured under the Policy, including the EP Section and D&O Section of the Policy.

17. In accordance with the terms of the Policy, Scottsdale has received timely and proper notice of the claims alleged in the Complaint.

18. Scottsdale has a duty to defend Plaintiffs against claims alleged in the Complaint.

19. All claims alleged in the Complaint were settled on or about June 29, 2017 after months of settlement negotiations following voluntary mediation, before the Complaint was filed with the Court.

3

20.    Plaintiffs have paid Nordstrom and Parrott in excess of $2.9 million as required by the settlement agreement with Nordstrom and Parrott (the "Settlement Agreement") to settle the claims against Plaintiffs alleged by Nordstrom and Parrott.

21.    Plaintiffs have asked Scottsdale to pay costs of defense incurred by Plaintiffs to defend against claims alleged by Nordstrom and Parrott in the Complaint and reimburse Plaintiffs for payments made by Plaintiffs to Nordstrom and Parrott in accordance with the Settlement Agreement.

22.    Despite repeated requests from Plaintiffs, Scottsdale has not reimbursed Plaintiffs for any costs of defense paid by Plaintiffs or any portion of the payment to Nordstrom and Parrott made by Plaintiffs to settle the claims against them alleged by Nordstrom and Parrott.

## BREACH OF CONTRACT

23.    Plaintiffs restate and reallege the statements and allegations stated in Paragraphs 1-22 above as if fully set forth herein.

24.    The Policy is an enforceable contract.

25.    Scottsdale has breached its obligations under the Policy by failing to pay amounts due to Plaintiffs under the Policy.

26.    As a direct and proximate result of Scottsdale's breach of the terms of the Policy, Plaintiffs have suffered damages in an amount in excess of $50,000, the exact amount to be determined.

## REQUEST FOR DECLARATORY JUDGMENT

27.    Plaintiffs restate and reallege the statements and allegations stated in Paragraphs 1-26 above as if fully set forth herein.

4

28.   There is a justiciable controversy about whether there is coverage for Plaintiffs under the Policy with respect to claims asserted in the lawsuit commenced by Nordstrom and Parrott in or about February 2017, in particular whether there is coverage under the D&O Section of the Policy.

29.   Pursuant to Minn. Stat. § 555.01 *et seq.*, Plaintiffs request that the Court construe the Policy to determine whether there is coverage under the Policy for claims asserted by Nordstrom and Parrott, including coverage under the D&O Section of the Policy.

30.   Plaintiffs request that the Court declare that there is coverage for Plaintiffs under the Policy with respect to claims asserted by Nordstrom and Parrott and, in particular, there is coverage under the D&O Section of the Policy.

31.   Plaintiffs further request indemnification from Scottsdale for all costs including attorney fees incurred by Plaintiffs to obtain declaratory relief.

## DEMAND FOR JURY TRIAL

32.   Plaintiffs demand a jury trial on all issues triable by a jury.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A.   Awarding Plaintiffs a money judgment against Defendant in an amount believed to be in excess of $50,000, the exact amount to be determined at trial;

B.   Declaring that the Policy, including the D&O Section of the Policy, provides coverage for claims asserted by Nordstrom and Parrott against Plaintiffs, and that Scottsdale indemnify Plaintiffs for amounts Plaintiffs paid to Nordstrom and Parrott pursuant to the Settlement Agreement to settle claims against Plaintiffs alleged by Nordstrom and Parrott;

5

C.   Awarding Plaintiffs their costs, disbursements, and attorney fees as allowed by law; and

D.   Awarding Plaintiffs such other and further relief as the Court may deem just and equitable.

DEWITT MACKALL CROUNSE & MOORE S.C.

Dated:  December 20, 2017

By
William E. Sjoholm (#101692)
Attorneys for Plaintiffs
2100 AT&T Tower
901 Marquette Avenue
Minneapolis, MN  55402-2859
Telephone:  (612) 305-1400
Fax:  (612) 305-1414
E-Mail:  wes@dewittmcm.com

## ACKNOWLEDGEMENT REQUIRED BY LAW

Plaintiffs, through their undersigned attorney, hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Dated:  December 20, 2017

William E. Sjoholm

{11062591}

6